IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Brittany Sanders,<br><br>         Plaintiff,<br><br>vs.<br><br>Illinois Department of Corrections, Anthony Kilgore, Paul Mocaby, and John Fatheree,<br><br>         Defendants. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

1.  Plaintiff Brittany Sanders is an Illinois Department of Corrections ("IDOC") employee. She makes claims of sex discrimination, sexual harassment, pregnancy discrimination, and retaliation for opposing and reporting sexual harassment and pregnancy discrimination. This is an action under the Illinois Human Rights Act, 775 ILCS 5, et seq. and the Equal Protection Clause through 42 U.S.C. § 1983. Plaintiff anticipates adding claims under Title VII of the Civil Rights Act of 1964 when the U.S. Department of Justice issues a Notice of Right to Sue.

**Parties**

2.  Plaintiff, who is female, has been employed as a correctional officer for the Illinois Department of Corrections (IDOC) at the Centralia Correctional Center. Plaintiff started working for IDOC on November 14, 2016.

3.  Defendant Anthony Kilgore, who is male, worked as a correctional officer and sergeant for IDOC at the Centralia Correctional Center.

4.  Defendant Paul Mocaby, who is male, worked as a major for IDOC at the Centralia Correctional Center.

1

5.     Defendant John Fatheree, who is male, worked as acting warden for IDOC at the Centralia Correctional Center.

6.     From 2016 through present, IDOC had been an employer under the Human Rights Act in that it is a state governmental unit or agency. 775 ILCS 5/2-101(B)(1)(c).

**Jurisdiction and Venue**

7.     This court has jurisdiction over plaintiff's federal claims based on 28 U.S.C. § 1331 and 1343. This court has supplemental jurisdiction over plaintiff's claims under the Illinois statutes.

8.     Plaintiff's causes of action arise out of conduct in Clinton County, Illinois, so venue is proper.

**Administrative Facts**

9.     On or about July 12, 2019, plaintiff timely filed Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") alleging sex discrimination based on sexual harassment. She filed a second charge of discrimination based on sex and pregnancy discrimination and retaliation on November 22, 2019. Copies of the Charges are Exhibits 1 and 2. On September 4, 2020 the IDHR perfected plaintiff's charges, consolidated as IDHR Charge No. 2020SE0298.

10.    On December 8, 2020, the IDHR issued a Notice of Dismissal for Lack of Substantial evidence on plaintiff's claims of discrimination and retaliation. Plaintiff timely requested a review of the dismissal by the Illinois Human Rights Commission.

11.    On or about May 12, 2021, the Commission issued its Order in response to plaintiff's Request for Review Notice of Dismissal. Exhibit 3. The Commission sustained the

IDHR's findings on plaintiff's discrimination claim and reinstated and remanded plaintiff's retaliation claim.

12. On May 18, 2021, plaintiff received a Notice of Substantial Evidence on Count B, the retaliation claim. Exhibit 4.

13. Plaintiff is filing this lawsuit within 90 days of receiving the Exhibit 4.

## Factual Allegations

### Kilgore harasses plaintiff and other female corrections officers

14. In November 2018 Kilgore began making offensive, unwanted sexual statements to plaintiff, including the following:

   a. In November 2018, Kilgore told plaintiff that after their shift was over, as she was walking down the road next to Tower 6 to get to her car, he was going to drive down that road, grab her, put her in his trunk, and drive off so no one would know where she was.

   b. On December 25, 2018 Kilgore said to plaintiff on their work phone:

   i. that when he saw her earlier in their shift, he wanted to take plaintiff "right there and then."

   ii. "if you were alone up there, I wouldn't be able to control myself."

   iii. "your image is enough to get me through."

   iv. "you're all I'm going to be able to think about,"

   v. seeing plaintiff got him "hard."

   c. On March 17, 2019, Kilgore told plaintiff that he would prop open his tower door, leave his tower, and on his way over [to plaintiff's tower] he would grab

3

       the ladder from the sally port and use it to climb inside Tower 6's window. He said that once he was in her Tower, he would take off plaintiff's clothes and give her hickies on her inner thighs. He said that after that he would bend plaintiff over and have his way with her. And that no one would know he was in Tower 6 because it was dark, it would look like there was only one person standing.

    d. More than once, Kilgore told plaintiff that if she came over to his tower, he would show plaintiff a thing or two, referring to sexual things in context.

    e. More than once, from December 2018 to May 2019, Kilgore told plaintiff that he would be unable to control himself [sexually] whenever he saw her.

15. Co-workers told plaintiff that Kilgore watched female guards urinating.

16. On May 6, 2019 plaintiff saw Kilgore watching her urinate. They were in their respective towers and he was using his work binoculars to watch her.

### Plaintiff complains to her supervising officers

17. On May 22, 2019, plaintiff reported Kilgore's conduct to Major Reginald Hammond.

18. Hammond told plaintiff that she had to complete a formal written complaint, an IDOC Form 434, and that she had one hour to do so.

19. Upon information and belief, Acting Warden John Fatheree told Hammond to give plaintiff only one hour to complete the Form 434.

20. On May 22, 2019, plaintiff submitted her Form 434 to Hammond.

4

21. On May 23, 2019, plaintiff received notice from Warden Fatheree that he had forwarded her sexual harassment complaint to IDOC's Affirmative Action office.

22. On or about May 23, 2019, another female correctional officer submitted a Form 434 complaint in which she reported that Kilgore had sexually harassed her.

### IDOC disregards Kilgore's history of sexual harassment and creates a hostile work environment for plaintiff

23. Even before Kilgore harassed plaintiff, IDOC, Mocaby, and Fatheree knew or should have known that Kilgore sexually harassed female correctional officers. Other female correctional officers had complained about Kilgore's conduct to defendants before plaintiff complained on May 22, 2019.

24. On May 25, 2019, IDOC changed plaintiff's job assignment on the days that she worked the same shift as Kilgore. IDOC did not change Kilgore's job assignment.

25. After plaintiff submitted her sexual harassment complaint to Hammond, Sergeant Joseph Jackson spoke to plaintiff about her complaint. She had not told Jackson about her complaint. Jackson said he could no longer joke with her because she would "write him up" for sexual harassment too.

26. On June 18, 2019, before plaintiff told Jackson about her sexual harassment complaint against Kilgore, Jackson told plaintiff: he did not believe "you girls" filled out a complaint. He also said that Kilgore could lose his job. He told plaintiff that he [Jackson] had been asking around and there was no way that Kilgore would say those things. Jackson said that Major Paul Mocaby did worse stuff than Kilgore and no one does anything about that.

27. The next day, Lieutenant Jonathan Grote told plaintiff that she had to take her job seriously, she was incompetent, and she was not fit to be working at an IDOC correctional facility.

28. IDOC has never disciplined plaintiff or otherwise counseled for being less than competent or not fit to be working at an IDOC correctional facility.

### IDOC ignores plaintiff's sexual harassment report about Kilgore and promotes him

29. More than two months after plaintiff submitted her report of sexual harassment, IDOC's Affirmative Action office contacted plaintiff by phone.

30. Affirmative Action Officer Louis Aguayo interviewed plaintiff by telephone on July 30, 2019.

31. On October 1, 2019, IDOC promoted Kilgore to sergeant, making him one of plaintiff's supervisors.

32. The next day, a representative from IDOC's Affirmative Action office claimed to plaintiff that the Affirmative Action office had no record of Aguayo's July 30th conversation with plaintiff.

### Major Mocaby's rules for pregnant employees

33. On October 19, 2019 plaintiff notified Maj. Mocaby that she was pregnant.

33. The next day, plaintiff asked Mocaby about the fact that she was assigned to the same shift and area as [now Sergeant] Kilgore since her sexual harassment complaints against Kilgore were still under investigation. In response, Mocaby told plaintiff that she needed to work with people she didn't like. Plaintiff said that it was not about liking or not liking Kilgore, but it was about Kilgore's sexual harassment. In response, Mocaby said, "that stuff is not true," that

her allegations had been investigated, they were unfounded, and that plaintiff needed to stop lying about it.

34. On October 21, Mocaby reassigned plaintiff from Tower 6 to a housing unit dayroom. As a housing unit day room officer, plaintiff had direct contact with around 100 inmates, overseeing their daily activities.

35. In discussing the reassignment with Mocaby plaintiff said that working the tower would be better because she could have more privacy when she had morning sickness and had to vomit. Mocaby told plaintiff that no pregnant females are going to a tower, that it was a rule--"his rule."

36. Plaintiff asked Mocaby why he thought it was safer for a pregnant corrections officer to work in the dayroom instead of the tower. He answered that it was his rule and that if plaintiff couldn't work all positions, then maybe plaintiff needed to find a new job.

37. A few days later, Maj. Mocaby assigned plaintiff to work as a housing unit control officer. As a housing unit control officer, plaintiff was based in an office surrounded by windows to the inmate day room activities.

38. Plaintiff had no privacy to address her "morning sickness" in the dayroom or control office of the housing unit.

39. Plaintiff worked as the housing unit dayroom officer, and then as the housing unit control officer throughout her pregnancy.

40. Maj. Mocaby has special rules for pregnant employees, but he does not have special rules for employees who are not pregnant.

41. On October 22, 2019, plaintiff submitted three Form 434's to Warden Fatheree in which she reported Maj. Mocaby's accusations that plaintiff lied about Kilgore's sexual harassment, his reassignment of plaintiff to work in the housing unit, and his refusal to accommodate her request to keep her assignment in the tower because she was pregnant.

**Warden Fatheree threatens plaintiff because she reported Mocaby's sex discrimination**

42. On October 29, Warden Fatheree, along with Union Representative Kracht, met with plaintiff. During the meeting, Fatheree threatened to write up plaintiff because she filed a Form 434 complaint about Mocaby. Fatheree said he would not discipline plaintiff this time. He instructed plaintiff to follow every order from Mocaby and he told plaintiff that "since you can't do your job, maybe you should take a leave of absence," or get a new job.

43. Plaintiff has never disobeyed an order from Maj. Mocoby or any other supervisor at IDOC.

44. Just after Warden Fatheree threatened plaintiff on October 29, the IDOC affirmative action officer interviewed plaintiff in person about her sexual harassment complaints about Kilgore.

45. Fatheree's intimidation of plaintiff just before her interview with the Affirmative Action officer led her to downplay Kilgore's conduct during the interview.

**IDOC shields Kilgore**

46. From October 1, 2019 to January 31, 2020, Kilgore was a probationary sergeant.

47. On or about December 5, 2019 IDOC's Affirmative Action office concluded that Kilgore had violated standards of conduct based on Kilgore's admission that he made a sexual statement to a female correctional officer other than plaintiff.

8

48. On information and belief, on February 5, 2020, IDOC imposed the lowest level of discipline on Kilgore, a reprimand.

### IDOC rejects plaintiff's requests for training and undermines her ability to be promoted to sergeant

49. IDOC offers a training course every year to all correctional officers, sergeants, and other supervisors. To promote to sergeant, a correctional officer must successfully accrue training points awarded upon the completion of these training courses.

50. Since 2019, plaintiff has asked to take the IDOC training courses but Mocaby and Fatheree have denied all of her requests, thus preventing plaintiff from applying for promotion to sergeant.

51. IDOC, Mocaby and Fatheree have allowed correctional officers who are male, who have not complained about sexual harassment, or who are not pregnant, to take the IDOC training courses.

### Count I
### Discrimination against Illinois Department of Corrections - IHRA

52. Paragraphs 1 through 51 are incorporated in this Count.

53. Defendant discriminated against plaintiff because of her sex, in violation of Illinois Human Rights Act, 775 ILCS 5/2-102, in these ways:

   a. Subjected plaintiff to a hostile work environment.

   b. Changed the privileges and conditions of her employment because plaintiff was pregnant.

   c. Refused to select or enroll plaintiff in IDOC training courses offered to correctional officers.

54. As a direct and proximate result of defendant's violation of the IHRA plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Illinois Department of Corrections equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## Count II
### Retaliation against Illinois Department of Corrections - IHRA

55. Paragraphs 1 through 51 are incorporated in this Count.

56. Plaintiff opposed sex discrimination and sexual harassment by defendants, she filed complaints of sexual harassment and discrimination against defendants, and she requested a reasonable accommodation because of her pregnancy, consistent with the Illinois Human Rights Act, 775 ILCS 5/2-102.

57. Defendant IDOC retaliated against plaintiff because of she opposed discrimination and sexual harassment, in violation Illinois Human Rights Act, 775 ILCS 5/6-101, in these ways:

   a. Subjected plaintiff to a hostile work environment.

   b. Changed the privileges and conditions of her employment by reassigning plaintiff to housing unit duties.

   c. Subjected plaintiff to an inadequate investigation.

   d. Refused to select or enroll plaintiff in IDOC training courses offered to correctional officers.

58. As a direct and proximate result of defendant's violation of the Human Rights Act, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Illinois Department of Corrections equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## COUNT III
### Sexual Harassment against Anthony Kilgore - IHRA

59. Paragraphs 1 through 51 are incorporated as though stated in this Count.

60. Defendant violated plaintiff's civil rights by sexual harassment, in violation of Illinois Human Rights Act, 775 ILCS 5/2-102(D), in these ways:

    a. Made explicit sexual suggestions to plaintiff.

    b. Stalked plaintiff.

    c. Threatened to kidnap plaintiff in the context of his sexual suggestions.

    d. Watched plaintiff urinate.

    e. Subjected plaintiff to a hostile work environment.

61. As a direct and proximate result of defendant's violation of the IHRA plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Anthony Kilgore equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## COUNT IV
**Pregnancy Discrimination against Paul Mocaby - IHRA**

62. Paragraphs 1 through 51 are incorporated as though stated in this Count.

63. Defendant violated plaintiff's civil rights because she was pregnant and denied her reasonable accommodation for her pregnancy, in violation of Illinois Human Rights Act, 775 ILCS 5/2-102(J), in these ways:

   a. Reassigned plaintiff from that tower to the housing unit, a less safe and less private duty, even though Mocaby knew plaintiff was pregnant.

   b. Denied plaintiff's reasonable accommodation to continue her assignment in the tower because of her pregnancy.

   c. Subjected plaintiff to a hostile work environment.

64. As a direct and proximate result of defendant's violation of the IHRA plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Paul Mocaby equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## COUNT V
**Retaliation against Paul Mocaby - IHRA**

65. Paragraphs 1 through 51 are incorporated as though stated in this Count.

66. Plaintiff opposed sex discrimination, sexual harassment and pregnancy discrimination

by defendants, she filed complaints of sexual harassment and discrimination against defendants, and she requested a reasonable accommodation because of her pregnancy, consistent with the Illinois Human Rights Act, 775 ILCS 5/2-102.

67. Defendant Mocaby retaliated against plaintiff because of she opposed discrimination and sexual harassment, in violation Illinois Human Rights Act, 775 ILCS 5/6-101, in these ways:

   a. Failed to act to protect her from the man who was sexually harassing her.
   b. Placed plaintiff in a hostile work environment.
   c. Refused to give plaintiff a reasonable accommodation because she was pregnant.
   d. Subjected her to an inadequate investigation.
   e. Refused to select or enroll plaintiff in IDOC training courses needed to qualify for promotion to sergeant.

68. As a direct and proximate result of defendant's violation of the IHRA plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Paul Mocaby equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## COUNT VI
## Retaliation against John Fatheree - IHRA

69. Paragraphs 1 through 51 are incorporated as though stated in this Count.

70. Plaintiff opposed sex discrimination, sexual harassment and pregnancy discrimination

by defendants, she filed complaints of sexual harassment and discrimination against defendants, and she requested a reasonable accommodation because of her pregnancy, consistent with the Illinois Human Rights Act, 775 ILCS 5/2-102.

71. Defendant Fatheree retaliated against plaintiff because of she opposed discrimination and sexual harassment, in violation Illinois Human Rights Act, 775 ILCS 5/6-101, in these ways:

    a. Threatened to discipline and terminate plaintiff.

    b. Refused to select or enroll plaintiff in IDOC training courses offered to correctional officers.

    c. Failed to investigate plaintiff's allegations of Kilgore's and Mocaby's conduct that addressed plaintiff's right to be free from sexual harassment and pregnancy discrimination.

    d. Subjected plaintiff to a hostile work environment.

72. As a direct and proximate result of defendant's violation of the IHRA plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant John Fatheree equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief is appropriate.

## COUNT VII
### 42 U.S.C. § 1983 Sex Discrimination against Anthony Kilgore

73. Paragraphs 1 through 51 are incorporated as though stated in this Count.

74. Defendant Anthony Kilgore is a person under 42 U.S.C. § 1983. At all times relevant

to this Complaint, Kilgore was an employee of the Illinois Department of Corrections.

75. Kilgore, acting under color of state law, discriminated against plaintiff based on sex, in violation of her rights under the Fourteenth Amendment to the U.S. Constitution as enforced under 42 U.S.C. § 1983, by harassing plaintiff because of her sex.

76. Kilgore's actions were intentional, willful, and in reckless disregard of plaintiff's rights secured by law and the Constitution.

77. As a direct and proximate result of defendant's conduct, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Anthony Kilgore for compensatory and punitive damages, attorneys' fees, costs, and any other relief that is appropriate.

## COUNT VIII
### 42 U.S.C. § 1983 Sex Discrimination against Paul Mocaby

78. Paragraphs 1 through 51 are incorporated as though stated in this Count.

79. Defendant Paul Mocaby is a person under 42 U.S.C. § 1983.

80. Mocaby, acting under color of state law, discriminated against plaintiff based on sex, in violation of her rights under the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983, in these ways:

   a. Subjected plaintiff to a hostile work environment.

   b. Changed the terms and conditions of her employment because plaintiff was pregnant.

    c. Refused to select or enroll plaintiff in IDOC training courses offered to correctional officers.

    d. Failed to provide proper training to IDOC employees on the obligation not to harass IDOC employees.

    e. Failed to investigate plaintiff's allegations of Kilgore's conduct that addressed plaintiff's right to be free from sexual harassment in the workplace under federal and state law.

81. Defendant's actions were intentional, willful, and in reckless disregard of plaintiff's rights secured by law and the Constitution.

82. As a direct and proximate result of defendant's conduct, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Paul Mocaby for compensatory and punitive damages, attorneys' fees, costs, and any other relief that is appropriate.

### COUNT IX
### 42 U.S.C. § 1983 Retaliation against Paul Mocaby

83. Paragraphs 1 through 51 are incorporated in this Count.

84. Defendant Paul Mocaby is a person under 42 U.S.C. § 1983.

85. Mocaby, acting under color of state law, retaliated against plaintiff in violation of her rights under the Fourteenth Amendment to the U.S. Constitution as enforced under 42 U.S.C. § 1983, because she opposed conduct that she reasonably believed was unlawful sex discrimination. Defendant's retaliation includes:

    a. Failed to act to protect her from the man who was sexually harassing her.

    b. Placed plaintiff in a hostile work environment.

    c. Refused to give plaintiff a reasonable accommodation because she was pregnant.

    d. Subjected her to an inadequate investigation.

    e. Refused to select or enroll plaintiff in IDOC training courses needed to qualify for promotion to sergeant.

86. Defendant's actions were intentional, willful, and in reckless disregard of plaintiff's rights secured by law and the Constitution.

87. As a direct and proximate result of defendant's conduct, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant Paul Mocaby for compensatory and punitive damages, attorneys' fees, costs, and any other relief that is appropriate.

## COUNT X
### 42 U.S.C. § 1983 Sex Discrimination against John Fatheree

88. Paragraphs 1 through 51 are incorporated in this Count.

89. Defendant John Fatheree is a person under 42 U.S.C. § 1983.

90. Fatheree, acting under color of state law, discriminated against plaintiff based on sex, in violation of her rights under the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983, in these ways:

    a. Subjected plaintiff to a hostile work environment.

b. Changed the terms and conditions of her employment because plaintiff was pregnant.

c. Refused to select or enroll plaintiff in IDOC training courses offered to correctional officers.

d. Failed to provide proper training to IDOC supervisory staff on the appropriate actions to take when an employee reports sexual harassment.

e. Failed to provide proper training to IDOC employees on the obligation not to harass IDOC employees.

f. Failed to investigate plaintiff's allegations of Kilgore's conduct that addressed plaintiff's right to be free from sexual harassment in the workplace under federal and state law.

91. Defendant's actions were intentional, willful, and in reckless disregard of plaintiff's rights secured by law and the Constitution.

92. As a direct and proximate result of defendant's conduct, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant John Fatheree for compensatory and punitive damages, attorneys' fees, costs, and any other relief that is appropriate.

## COUNT XI
### 42 U.S.C. § 1983 Retaliation against John Fatheree

93. Paragraphs 1 through 51 are incorporated as though stated in this Count.

94. John Fatheree is a person under 42 U.S.C. § 1983.

95. Fatheree, acting under color of state law, retaliated against plaintiff in violation of her rights under the Fourteenth Amendment to the U.S. Constitution as enforced under 42 U.S.C. § 1983, because she opposed conduct that she reasonably believed was unlawful sex discrimination. Defendant's retaliation includes:

   a. Failed to act to protect her from the man who was sexually harassing her.

   b. Placed plaintiff in a hostile work environment.

   c. Refused to give plaintiff a reasonable accommodation because she was pregnant.

   d. Threatened to discipline or terminate plaintiff because she filed a complaint of sex discrimination, pregnancy discrimination and harassment.

   e. Subjected her to an inadequate investigation.

   f. Refused to select or enroll plaintiff in IDOC training courses needed to qualify for promotion to sergeant.

96. Defendant's actions were intentional, willful, and in reckless disregard of plaintiff's rights secured by law and the Constitution.

97. As a direct and proximate result of defendant's conduct, plaintiff has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

For these reasons, plaintiff asks the court to enter judgment in her favor and against defendant John Fatheree for compensatory and punitive damages, attorneys' fees, costs, and any other relief that is appropriate.

        /s/ Jill A. Silverstein
Jill A. Silverstein
js@silversteinwolf.com
Ferne P. Wolf
fw@silversteinwolf.com
SilversteinWolf, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314 744-4010/314 744-4026 (fax)

20