UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRITTANY SANDERS,                )<br>                                              )<br>Plaintiff,                              )<br>                                              )<br>vs.                                        )<br>                                              )<br>ILLINOIS DEPARTMENT OF   )<br>CORRECTIONS, ANTHONY    )<br>KILGORE, PAUL MOCABY, JOHN )<br>FATHEREE, and FITZPATRICK )<br>TERESA,                                )<br>                                              )<br>Defendants.                          ) | Case No. 3:21-cv-00892-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Now before the Court is Defendant, the Illinois Department of Corrections's ("IDOC") Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 57). On September 20, 2022, Defendant IDOC filed a Motion and Memorandum of Law in Support to dismiss Counts I and II of Plaintiff's Second Amended Complaint. (Doc. 57, 58). In its Memorandum of Law in Support, Defendant asserts that Plaintiff's Illinois Human Rights Act ("IHRA") claims, as contained in Counts I and II, are barred by the Eleventh Amendment and the Illinois State Lawsuit Immunity Act. (Doc. 58, p. 2). Plaintiff filed a Response in Opposition to Defendant's Motion on October 19, 2022. (Doc. 65). For the reasons set forth below, Defendant IDOC's Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff Brittany Sanders, a correctional officer employed by the IDOC at Centralia Correctional Center ("Centralia"), brought this civil action pursuant to the IHRA, 775 ILL. COMP. STAT. § 5/1-101, *et seq.*; the Equal Protection Clause, 42 U.S.C. § 1983; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. On August 6, 2021, Plaintiff filed her Initial Complaint alleging sex discrimination, sexual harassment, pregnancy discrimination, and retaliation for opposing and reporting sexual harassment and pregnancy discrimination under the IHRA and 42 U.S.C. § 1983. (Doc. 1, p. 1). Plaintiff filed her First Amended Complaint on November 18, 2021, adding claims under 42 U.S.C. § 2000e. (Doc. 25). On February 28, 2022, Defendant IDOC filed a Motion to Dismiss and Memorandum of Law in Support. (Doc. 36, 37). On March 30, 2022, Plaintiff filed a Response in Opposition. (Doc. 40). On August 23, 2022, the Court denied Defendant's Motion to Dismiss as moot because Plaintiff filed a second amended complaint. (Doc. 51).

Plaintiff filed her Second Amended Complaint on August 23, 2022, to include additional claims alleging that Defendants discriminated and retaliated against her in violation of Title VII. (Doc. 50, p. 18-19). Plaintiff claims that as a direct and proximate result of Defendants' actions that she has and will continue to suffer damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages. (Doc. 50). Plaintiff seeks equitable relief, actual damages, punitive damages, attorneys' fees, costs, and any other relief as the Court finds appropriate. *Id.*

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject matter jurisdiction. *See* FED. R. CIV. PROC. 12(b)(1). The party asserting jurisdiction bears the burden of proof to demonstrate that the Court has subject matter jurisdiction over the claim in question. *See Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). In deciding whether subject matter jurisdiction exists, the court must accept all well pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). "Where evidence pertinent to subject matter jurisdiction has been submitted, however, 'the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists.'" *Sapperstein*, 188 F.3d at 855 (quoting *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)) (internal citations omitted).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a complaint due to its failure to state a claim upon which relief may be granted. *See* FED. R. CIV. PROC. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See AnchorBank FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A dismissal is warranted only when "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle [him] to relief." *Mattice v. Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a

claim to relief that is plausible on its face" and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

### DISCUSSION

Defendant IDOC moves to dismiss Counts I and II of Plaintiff's Second Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 57, 58). In the motion, Defendant IDOC argues that Plaintiff's IHRA claims are barred by the Eleventh Amendment and the Illinois State Lawsuit Immunity Act. (Doc. 57, p. 2; Doc. 58, p. 4-5). Plaintiff opposes Defendant's motion, arguing that the Eleventh Amendment does not preclude Plaintiff's claims for equitable relief against the State in her IHRA claim. (Doc. 65, p. 1). Ultimately, the sovereign immunity of the State of Illinois bars Counts I and II of Plaintiff's Second Amended Complaint, regardless of the relief sought, as the State has not consented to suits being brought against it under the IHRA.

Before turning to the substance of the Eleventh Amendment analysis, the Court wishes to clarify the basis under which it grants Defendant's Motion to Dismiss. Defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. While the United States Supreme Court has not yet decided whether Eleventh Amendment sovereign immunity is a question of subject matter jurisdiction, the Seventh Circuit has repeatedly held that Eleventh Amendment immunity does not encumber subject matter jurisdiction. *See Endres v. Indiana State Police*, 349 F.3d 922, 925 (7th Cir. 2003); *McHugh v. Illinois Dept. of Transportation*, 55 F.4th 529, 533 (7th Cir. 2022). *See also Indiana Protection & Advocacy Services v. Indiana Family & Social Services Administration*, 603

F.3d 365, 370–371 (7th Cir. 2010)(noting that Eleventh Amendment immunity is a non-jurisdictional defense). Therefore, the Court will conduct its analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Eleventh Amendment to the United States Constitution provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." U.S. CONST. Amend. XI. The Supreme Court has interpreted the sovereign immunity doctrine under the Eleventh Amendment to extend to suits brought against a state by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *Pennhurst State Sch. & Hosp. v. Haldeman*, 465 U.S. 89, 100-103 (1984). Thus, the Eleventh Amendment provides a state with sovereign immunity unless the state waives its immunity to suit, or Congress has unequivocally abrogated a state's immunity through legislation. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-55 (1996); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Here, Counts I and II of Plaintiff's Second Amended Complaint arise under the IHRA, an Illinois state law. *See* 775 ILL. COMP. STAT. § 5/1-101 *et seq*. Therefore, the Court must first consider whether the Illinois State Lawsuit Immunity Act would allow the IHRA claims. This is because state sovereign immunity rules apply to state law claims brought in federal court. *See Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001). Under the State Lawsuit Immunity Act, "the State of Illinois shall not be made a defendant in any court," except as provided in certain state statutes. 745 ILL. COMP STAT. §§ 5/1, 5/1.5. The IHRA is not specifically mentioned as an exception to the State Lawsuit Immunity

Act. *See, e.g., Harris v. Illinois,* 753 F. Supp.2d 734, 740-741 (N.D. Ill. 2010)(dismissing IHRA Claim against the Illinois Department of Corrections as barred by the State Lawsuit Immunity Act). *See also Bundy v. Illinois Dept. of Corrections,* Case No. 3:21-CV-1229-MAB, 2022 WL 2829916, at *1 (S.D. Ill. July 20, 2022); *Lynch v. Dept. of Transp.*, 979 N.E.2d 113, 117-119 (Ill. Ct. App. 4th Dist. 2012); *Cook v. Ill. Dept. of Corrections,* No. 09-cv-0133-DRH, 2009 WL 2588871, at *1 (S.D. Ill. Aug. 20, 2009); *Neuman v. United States*, No. 07-CV-0362-MJR, 2008 WL 3285761, at *6 (S.D. Ill. Aug. 7, 2008). Illinois has not consented to lawsuits brought against it under the IHRA thereby barring Plaintiff's claims.

Plaintiff, however, attempts to persuade the Court that her claims should be allowed to proceed against the IDOC by arguing that "where a plaintiff seeks an equitable remedy, such as injunctive relief, the State is not immune" under the Eleventh Amendment. (Doc. 65, p. 1). Plaintiff cites to *Harris v. Illinois*, as support for this proposition. *Id.* at p. 1-2. In *Harris,* the Court held that the plaintiff's claims against the IDOC under the Illinois State Officials and Employees Ethics Act ("Ethics Act") survived a sovereign immunity challenge with respect to injunctive relief. Case No. 09 C 3071, 2014 WL 2766737, at *17 (N.D. Ill. June 18, 2014). However, *Harris* is distinguishable because the State of Illinois consented to lawsuits being brought against it under the Ethics Act as the Act is specifically mentioned in the State Lawsuit Immunity Act. *See, e.g.*, 745 ILL. COMP. STAT. § 5/1 (stating that as "[e]xcept as provided in . . . the State Officials and Employees Ethics Act, . . . , the State of Illinois shall not be made a defendant or party in any court."). Indeed, the plaintiff initially had an IHRA claim before the court in *Harris*, but it was dismissed because it was barred under the State Law Immunity Act. *See Harris*,

753 F. Supp.2d at 740-741. The logic and reasoning in *Harris* likewise bars Plaintiff's IHRA claim in this case. As Plaintiff does not supply the Court with any additional reasons why her IHRA claim should survive, Counts I and II of Plaintiff's Second Amended Complaint under the IHRA must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Conclusion

For the reasons stated above, Defendant IDOC's Motion to Dismiss Count I and II of Plaintiff's Second Amended Complaint is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  May 5, 2023.**

Digitally signed by Judge Sison 2
Date: 2023.05.05 13:44:27 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**